UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JACINTO PENA et al.,

                Plaintiff,              Case No. 2:20-cv-250

v.                                          Hon. Hala Y. Jarbou

MIKE BROWN et al.,

                Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

This is a civil rights action brought by two state prisoners under 42 U.S.C. § 1983. Plaintiff Seaton sought leave to proceed *in forma pauperis*. On initial review, the Court granted Plaintiff Seaton leave to proceed *in forma pauperis* and allowed him to pay his share of the filing fee through monthly payments as set forth in 28 U.S.C. § 1915(b)(2) (ECF No. 8). Upon further evaluation, the Court concludes that pauper status was improvidently granted. Because Plaintiff Seaton has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court therefore will vacate its February 26, 2021, order granting leave to proceed *in forma pauperis* and direct Plaintiff Seaton to pay $201.00, which is half of the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] This fee must be paid within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff Seaton fails to pay the

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *Id.*

fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay $201.00, which is his share of the filing fee, in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

## Discussion

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger

of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff Seaton has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff Seaton's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Seaton v. Brinkman et al.*, No. 1:08-cv-524 (W.D. Mich. Jan. 25, 2010); *Seaton v. Sabin*, No. 2:95-cv-353 (W.D. Mich. Mar. 6, 1996); *Seaton v. Fitzner et al.*, No. 1:91-cv-260 (W.D. Mich. Jun. 17, 1991). Although two of the dismissals were entered before enactment of the PLRA on April 26, 1996, the dismissals nevertheless count as strikes. *See Wilson*, 148 F.3d at 604.

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798

3

> (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).  A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints.  *Id*.  Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations.  *Id.*

Plaintiff Seaton alleges that he was placed in quarantine at the Chippewa Correctional Facility (URF) from March 25, 2020, until March 28, 2020.  While awaiting transport from the Kinross Correctional Facility (KCF) to URF, Plaintiff Seaton was denied bathroom privileges for approximately eleven and a half hours, causing Plaintiff Seaton to urinate and defecate on himself.  Once Plaintiff Seaton arrived at URF, he asked for cleaning clothing and the use of a shower.  The prison guard told Plaintiff Seaton that he was not allowed to leave the quarantine cell, but that he could wash himself and his clothes in the sink.  Plaintiff Seaton states that the other prisoner who was housed in the quarantine cell with him urinated and defecated on the floor, but that the prison guard refused to give him cleaning supplies.  Plaintiff Seaton was finally told he could shower on March 28, 2020, but only if he agreed to share shower shoes with the other prisoner.  Plaintiff Seaton was also told that he would not be given clean clothing, towels, or washcloths, so he decided not to take a shower.  Plaintiff Seaton was finally taken back to the KCF later that night.  None of the allegations regarding Plaintiff Seaton show that he was in imminent danger at the time he signed the complaint on December 10, 2020.

Therefore, § 1915(g) prohibits Plaintiff Seaton from proceeding *in forma pauperis* in this action. The Court will vacate its February 26, 2021, order granting Plaintiff Seaton leave to proceed *in forma pauperis*. Plaintiff Seaton has twenty-eight (28) days from the date of entry of this order to pay his share of the civil action filing fees, which totals $201.00. When Plaintiff Seaton pays his filing fees, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff Seaton does not pay the filing fees within the 28-day period, this case will be dismissed without prejudice, but Plaintiff Seaton will continue to be responsible for payment of the $201.00 filing fees.

Dated:  May 13, 2021                                   /s/ Hala Y. Jarbou
                                                                      HALA Y. JARBOU
                                                                      UNITED STATES DISTRICT JUDGE

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**